**Kimberly A. CZEPIEL and Glenda Schaefer, Plaintiffs,**

v.

**CHEMICAL BANK, Defendant.**

**Civ. No. B–89–256 (WWE).**

United States District Court, D. Connecticut.

April 29, 1991.

Joanne S. Faulkner, David M. Lesser, Clendenen & Lesser, New Haven, Conn., for plaintiffs.

Robert M. Appleton, Kathleen C. Stone, Patricia J. Leary Campanella, Robinson & Cole, Hartford, Conn., for defendant.

## RULING ON PENDING MOTIONS

EGINTON, District Judge.

### I. CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Kimberly A. Czepiel commenced this action against defendant, Chemical Bank, alleging that defendant's repossession and resale of plaintiff's automobile violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42–110a *et seq.;* Creditors' Collection Practices Act ("CCPA"), Conn.Gen.Stat. § 36–243a *et seq.;* Retail Installment Sales Financing Act ("RISFA"), Conn.Gen.Stat. § 42–83 *et seq.;* and the Uniform Commercial Code ("UCC"), Conn.Gen.Stat. § 42a–9–501 *et seq.* Subsequently, Glenda Schaefer was joined as a plaintiff. Defendant then filed a counterclaim against plaintiffs Czepiel and Schaefer seeking a deficiency judgment resulting from the resale of plaintiffs' automobile.

Pursuant to Fed.R.Civ.Pro. 56, plaintiff Czepiel and defendant have filed cross-motions for summary judgment. Because Schaefer has not joined in Czepiel's motion for summary judgment, this portion of the ruling does not involve plaintiff Schaefer.

## FACTS

The undisputed facts establish that in 1987 Czepiel and Schaefer purchased, through a retail installment contract, a new Nissan vehicle from Antonio Buick–Nissan, Inc. Czepiel and Schaefer each signed the contract as buyers, while one Thomas Phillips signed as an obligor on the security agreement. Phillips did not assume personal liability under the terms of the contract. Antonio Buick–Nissan assigned the contract to the defendant. The contract required plaintiffs to make monthly payments to the defendant. Plaintiffs failed to meet these terms. Pursuant to the contract, defendant repossessed the vehicle, giving notice to the plaintiffs of the repossession and offering plaintiffs the opportunity to redeem the vehicle. Plaintiffs did not redeem the automobile. Accordingly, the vehicle was sold at a public auction. Following the auction, a deficiency of $7,626.58, including $488.00 in storage fees, remained due to defendant. Defendant notified plaintiff of the sale and of the deficiency balance due.

For the reasons stated below, both summary judgment motions will be denied. Because of the complexity of the motions and cross-motions the discussion section will be sub-divided by topic area.

## DISCUSSION

■■■ A court may grant summary judgment where there is no genuine issue of material fact, and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. A party requesting summary judgment must demonstrate to the court that the controversy is devoid of material issues of fact such that summary judgment will not encroach upon the role of the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

## NOTICE

■ Central to both the plaintiff's complaint and defendant's counterclaim is the sufficiency of defendant's notice to plaintiff regarding repossession and resale. Contrary to plaintiff's position, RISFA, not the UCC, governs the notice standards for retail installment contracts. Conn.Gen. Stat. § 42–83. Defendant gave notice of the repossession, resale, and disposition of resale proceeds in accordance with RISFA. Conn.Gen.Stat. § 42–98(c), (d), & (e). Thus, there exists no issue of fact regarding the adequacy of notice given to plaintiff.

## NOTICE TO THOMAS PHILLIPS

■ RISFA requires the holder of the contract to give notice of repossession and resale to the "retail buyer." Conn.Gen. Stat. § 42–98(c), (d), & (e). RISFA defines a "retail buyer" as "a person who buys or agrees to buy one or more articles of goods from a retail seller ... and who executes a retail installment contract or installment loan contract in connection therewith." Conn.Gen.Stat. § 42–83(3)(h). Plaintiffs were the only parties who both bought goods and executed a retail installment contract. Thomas Phillips merely obligated himself to the installment contract security agreement. Therefore, as a matter of law, Thomas Phillips is not a retail buyer. Consequently, defendant had no legal duty to notify him of the repossession and resale.

■ Moreover, only the party adversely affected by inadequate notice has standing to raise such a claim. *Velazquez v. Marine Midland Auto*, 1 CTLR 53, 55 (April 9, 1990). Thomas Phillips is not a named plaintiff in this dispute and has not raised any claim regarding defendant's failure to give him notice. Plaintiff has no standing to raise the claim for Thomas Phillips.

## NOTICE OF PROCEEDS

■ RISFA also requires that the holder of the contract furnish to the buyer a written statement of the unaccelerated sum due and the actual and reasonable costs of retaking and storing a vehicle. For failure to provide such a statement the holder of

the contract forfeits the right to claim retaking and storage expenses. Conn.Gen. Stat. § 42–98(c). Here, defendant furnished a written statement which failed to state storage charges. Consequently, defendant cannot now claim these costs.

## COMMERCIAL REASONABLENESS OF THE RESALE

■■■ In analyzing the commercial reasonableness of a resale, a court must consider the amount of advertising, number of people contacted, normal commercial practices involved in disposing of a vehicle, time between repossession and resale, whether any deterioration has occurred, number of bids received, and the price obtained. *Connecticut Bank & Trust Co. v. Incendy*, 207 Conn. 15, 28, 540 A.2d 32 (1988). Each of these factors is inherently a question of fact. Each is also material to the question of commercial reasonableness. Therefore, this issue remains for determination by the finder of fact.

## II. MOTIONS TO DISMISS

Pursuant to Fed.R.Civ.Pro. 12(b)(1) & (6), plaintiff Schaefer has moved to dismiss defendant's counterclaim. Pursuant to Fed. R.Civ.Pro. 41(b), defendant has moved to dismiss the complaint.

### DISCUSSION

#### PLAINTIFF SCHAEFER'S MOTION TO DISMISS

■■■ Glenda Schaefer has moved to dismiss defendant's counterclaim because it does not meet the $50,000 dollar amount in controversy requirement. *See* 28 U.S.C. § 1332. However, defendant's counterclaim is compulsory. Fed.R.Civ.Pro. 13(a). As such, it is within the court's ancillary jurisdiction, and does not require an independent basis of subject matter jurisdiction. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974).

■■■ Schaefer also claims that defendant does not state a claim upon which relief can be granted. In determining whether a claim exists the court must ac-

cept as true all factual allegations stated in the complaint, and construe them in the light most favorable to the complainant. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Here, this Court cannot say that there is no set of facts which would entitle the defendant to the relief sought. Therefore, Glenda Schaefer's motion to dismiss is denied.

## DEFENDANT'S MOTION TO DISMISS

Defendant has moved to dismiss the complaint pursuant to Fed.R.Civ.Pro. 41(b), because the plaintiff failed to comply with an order to file a $500 dollar bond as security for costs. Defendant's motion is denied as moot in light of this Court's reconsideration and subsequent denial of defendant's motion for bond.

## III. CONCLUSIONS

For the foregoing reasons, plaintiff Czepiel and defendant's cross-motions for summary judgment are DENIED and, plaintiff Schaefer and defendant's motions to dismiss are DENIED. However, the court has issued this comprehensive ruling in order to dispose of certain issues prior to trial. In accordance with the findings and conclusions set forth in the discussion section on the motion for summary judgment, notice given the plaintiff Czepiel is found to be adequate. The defendant may not claim storage charges.

SO ORDERED.